PUBLIC UTILITIES COMMISSION OF OHIO *v.* HOLDREN.

PUBLIC UTILITIES COMMISSION OF OHIO *v.* HAINES.

PUBLIC UTILITIES COMMISSION OF OHIO *v.* SEXTON & SON.

(Decided April 24, 1929.)

*Mr. Gilbert Bettman,* attorney general, and *Mr. T. J. Herbert,* for plaintiff.

*Mr. E. L. Bush* and *Mr. N. P. Clyburn,* for defendants Holdren and Haines.

*Messrs. Maddox & Maddox,* for defendant William Sexton & Son.

ALLREAD, J. These cases arose in the court of common pleas of Fayette county upon petitions of

the Public Utilities Commission of Ohio filed against the several defendants, asserting that each of the defendants is the owner of a certain truck and is employing the same as a common carrier in hauling produce either to the market or to farms. The answer of the defendants is that, while they own a truck which they use for purposes of the farm upon which the truck is owned, and also for purposes of hauling produce of other farms under private contracts, they are not in any sense common carriers.

Upon the first question, we may assume for purposes of these cases that the court of common pleas had jurisdiction to issue an injunction in a proper case, and that such action is a chancery case which would be appealable to the Court of Appeals.

We may rest our decision upon the one question, to wit, whether these defendants are common carriers. It will become evident that the Public Utilities Commission did not in these cases employ its jurisdiction under the statute which provides for the filing of complaints with them, and a hearing and decision thereon, as to persons doing business as common carriers.

The Public Utilities Commission appeared in the court of common pleas merely as a litigant invoking the jurisdiction of that court. It was incumbent therefore upon the plaintiff in the court below to prove that these defendants, or any of them, were actually engaged as public or common carriers of goods.

The burden of proof rests upon the plaintiff below to prove by clear and convincing evidence the facts alleged by it in the petitions.

We are of opinion that the evidence does not jus-

tify the finding that any of these defendants are common carriers within the definition of that term as prescribed by our Supreme Court.

The case of *Hissem* v. *Guran,* 112 Ohio St., 59, 146 N. E., 808, holds that "persons, corporations, and firms who operate as such private carriers in carrying and transporting property over the highways of this state for hire are not subject to the provisions of the law regulating the operation of motor-propelled vehicles, as enacted in 110 Ohio Laws, 212 to 223, inclusive, General Code."

Judge Marshall, in defining a common carrier, holds that a truck owner is only liable where he holds himself out to the public as a common carrier.

Here none of the defendants held himself out as a common carrier. They assert that their hauling was done as private carriers, and that they refused the hauling of goods, which would be illegal if they were in fact common carriers.

In the case of *Breuer* v. *Public Utilities Commission,* 118 Ohio St., 95, 160 N. E., 623, 624, the plaintiff was held to be a common carrier because of the fact that he printed and distributed a telephone card as follows: "Trucks for All Purposes—trucking— Elmer C. Breuer. Contract, Local and Long Distance Trucking—5952 Engle Avenue, Elm Street, Warren, Ohio." Breuer also employed a solicitor to secure business. He applied for and received an irregular license on one truck, and never used that license. He was held, however, simply because he had solicited business, as a common carrier.

In the case of *Motor Freight, Inc.,* v. *Public Utilities Commission,* 120 Ohio St., 1, 165 N. E., 355, it was held:

"1. A contract to provide for transportation is

equivalent to a contract to transport, but other elements than the fact of transportation are necessary to constitute a common carrier.''

''3. Carriers operating under private contracts of carriage are not subject to public regulation unless such carriers hold themselves out as willing to serve the public indiscriminately.''

We are clear that the defendants did not hold themselves out as willing to serve the public indiscriminately, that they are at most private carriers, and only did such business as they chose to do under private contracts. It is claimed that Haines, by virtue of his contract to haul for the Fayette Producers' Association, thereby admits that he is a common carrier. We think this contract falls far short of a contract as common carrier. There is nothing to show the producer company possessed any of the attributes of a common carrier, or that it was anything more than is indicated in its name, and besides the agreement there is an express agreement not to haul any other goods than as directed by the said company. We do not think this is a contract of a common carrier. We therefore hold that the trial court was justified upon this ground in refusing to hold the defendants as common carriers.

It is true that in the entry the trial court decides the case upon the theory that injunction is not available to the plaintiff under the facts of the case, but, however that may be, we are clearly of opinion that the court was right upon the other question, to wit, that none of the defendants has been shown by the evidence to be a common carrier.

*Judgment affirmed.*

KUNKLE, P. J., and HORNBECK, J., concur.